IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60898
Summary Calendar
_____

ROBERT SAMUEL SCRUGGS,

Plaintiff-Appellant,

versus

JERRY HOWIE; MARK PITTNER; JEFF JACKSON; EARL HASKAS; THE
MISSISSIPPI HIGHWAY PATROL DEPARTMENT; JOHN DOE, Of the
Booneville Sheriff's Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-315-D

--------------------
April 9, 2002

Before Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Samuel Scruggs, Mississippi prisoner # 79644, filed a
42 U.S.C. § 1983 complaint in August 2001, alleging that a police
officer had assaulted him incident to a traffic stop and arrest.
The district court found that this complaint should be dismissed
as frivolous on *res judicata* and collateral estoppel grounds.
This court reviews *de novo* a determination that a claim is barred

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by *res judicata*.  See Mowbray v. Cameron County, Tex., 274 F.3d 269, 281 (5th Cir. 2001).

The doctrine of *res judicata* applies if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both suits.  Mowbray, 274 F.3d at 282.  Our review of the record persuades us that the above requirements are satisfied as to every defendant, except defendant Howie, and therefore Scruggs' complaint against these other defendants is barred by the doctrine of *res judicata*.  We affirm the dismissal of the claims against Howie on the alternate ground that they are time-barred.  Scruggs' instant complaint was filed in August 2001, yet his claims arise out of an alleged assault that occurred February 29, 1984, making the instant complaint time-barred.

The district court's dismissal of the complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Scruggs is warned that he has one strike and that if he accumulates a total of three strikes, he will not be able to bring a civil action or an appeal proceeding IFP unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.